UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              Case No. 07-cr-20526

v                                                 Honorable Thomas L. Ludington

JOHN TYLER MCKINNEY, SR.,

        Defendant.

_____/

**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE
AND DENYING MOTION TO AMEND**

John Tyler McKinney, Sr., is currently serving a 120-month sentence for distributing crack cocaine. On June 28, 2013, McKinney filed a motion to reduce his sentence based on the retroactive application of the Fair Sentencing Act pursuant to 18 U.S.C. § 3582(c). Because McKinney was sentenced to the mandatory minimum, the FSA does not affect his sentence and his motion will be denied.

On July 1, 2013, McKinney filed a motion to amend or supplement his petition for habeas corpus pursuant to 28 U.S.C. § 2255. Because McKinney has not yet filed a motion for habeas corpus, and because any such filing would now be time-barred by the statute of limitations, McKinney's motion to amend will be denied

**I**

The Anti-Drug Abuse Act of 1986 established severe penalties for the possession and distribution of crack cocaine. The disparity between the penalties for distributing crack cocaine and powder cocaine was dramatic: 100-to-1. As the Supreme Court observed, the Act "imposed upon an offender who dealt in powder cocaine the same sentence it imposed upon an offender

who dealt in one-hundredth that amount of crack cocaine." *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012).

In 2010, Congress enacted the Fair Sentencing Act (FSA), Pub. L. No. 111–220, 124 Stat. 2372, which narrowed the disparity between sentences for crack cocaine offenders and powder cocaine offenders. Instead of 100-to-1, it now stands at 18-to-1. In other words, the FSA imposes upon an offender who dealt in powder cocaine the same sentence it imposes upon an offender who dealt in one-eighteenth that amount of crack cocaine. The FSA took effect on August 3, 2010.

Among other things, the FSA reduced the statutory minimum sentences for crack cocaine offenses by increasing the quantity of crack cocaine necessary to trigger the minimums—raising the amount from 5 grams to 28 grams for the 5-year minimum sentence, and from 50 grams to 280 grams for the 10-year minimum sentence. *See* FSA § (2)(a). The FSA also directed the Sentencing Commission to conform the sentencing guidelines to the new statutory minimums "as soon as practicable, and in any event not later than 90 days" after the FSA's enactment. *Id*. § (8)(1). The Sentencing Commission then promulgated amendments to the guidelines, reducing the recommended sentencing ranges to levels consistent with the FSA, to be applied retroactively. *See* U.S. Sentencing Guidelines Manual App. C Amends. 750, 759 (2011).

The Sixth Circuit originally concluded that the FSA's new mandatory minimums did not affect the penalties associated with crimes committed before the statute's effective date. *See United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010). But with *Dorsey*, the Supreme Court established that "Congress intended the [FSA's] new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." 132 S. Ct. at 2335. Accordingly, the FSA's amended mandatory minimums only affect defendants sentenced after August 3, 2010.

But the new advisory guidelines, promulgated by the Sentencing Commission pursuant to the FSA, are different. As the Sentencing Commission established in Amendment 759, the altered guidelines "may be considered for retroactive application." U.S. Sentencing Guidelines Manual App. C Amend. 759 (2011). Accordingly, the new guidelines may apply to alter a sentence imposed before August 3, 2010.

Title 18 U.S.C. § 3582 provides the mechanism for defendants, the government, and even the Court to move for reduced sentences based on the newly-promulgated guidelines. Indeed, § 3582(c)(2) establishes that a court may modify a term of imprisonment that has been imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." Thus, upon a motion by either party, or even sua sponte, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

Accordingly, "when the sentencing judge relied on the sentencing guidelines and those guidelines are later made more lenient," a final sentence may be modified. *United States v. Hameed*, 614 F.3d 259, 262 (6th Cir. 2010). In such a situation, courts are to engage in a two-part inquiry to determine eligibility for a reduction: (1) whether the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"; and (2) whether a reduction in the defendant's sentence would be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2); *see also United States v. McClain*, 691 F.3d 774, 778–79 (6th Cir. 2012).

**II**

On June 4, 2009, McKinney pleaded guilty to distributing at least 5 grams of cocaine base. According to the Presentence Investigation Report, McKinney's base offense level was 32, but he received a three point reduction for acceptance of responsibility—resulting in a total offense level of 29. Because McKinney had prior convictions for assault with intent to kidnap, use of cocaine, and possession of a controlled substance, McKinney's criminal history was set as category IV. The resulting guidelines range of imprisonment was 121 to 151 months. The presentence report also noted, however, that mandatory minimum of 120 months applied. On September 14, 2009, the Court sentenced McKinney to 120 months' imprisonment—the statutory minimum.

As noted above, in 2010 Congress enacted the FSA, which substantially reduced the mandatory minimums associated with crack cocaine offenders like McKinney. Subsequently, the Sentencing Commission amended the sentencing guidelines applicable to crack cocaine offenders.

But § 3582(c)(2) only allows for a sentence reduction when the sentence imposed was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." McKinney's sentence was not based on a guidelines range that later changed, but rather a statutorily-imposed mandatory minimum. And, as the Sixth Circuit recently made clear in *United States v. Blewett*, No. 12-5226, 2013 WL 6231727 (6th Cir. Dec. 3, 2013) (en banc), the FSA's new mandatory minimums do "not apply to defendants sentenced before its effective date." *Id*. at *8. So, even if McKinney's guideline range was reduced, the 120-month statutory minimum in effect at the time of his sentencing still applies. Therefore, McKinney's request for a sentence reduction will be denied.

**III**

In addition to his motion for a sentence reduction, McKinney has also filed a motion to amend or supplement § 2255 habeas petition. The Court first notes that McKinney has not yet filed a habeas petition, and therefore there is no petition to amend. Moreover, even if the Court construes McKinney's motion to amend as a habeas petition, the motion must be denied as untimely.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") created a statute of limitations that begins to run on the date "on which judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1); *Dunlap v. United States*, 250 F.3d 1001, 1004-05 (6th Cir. 2001). When a defendant appeals the district court' conviction, the conviction becomes final ninety days after the appellate court affirms the conviction. *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). The defendant then has an additional year from that date to file a habeas petition. 28 U.S.C. § 2255(f).

Here, the Sixth Circuit affirmed the judgment against McKinney on August 31, 2011, and the Supreme Court denied McKinney's petition for a writ of certiorari on January 10, 2012. See ECF Nos. 105, 112. Therefore McKinney's conviction became final for purposes of 28 U.S.C. § 2255(f) ninety days after the denial of the writ of certiorari on April 9, 2012. McKinney then had one year—until April 9, 2013—to file a petition for habeas corpus. 28 U.S.C. § 2255(f). In other words, any habeas petition filed after April 9, 2013, would be time-barred.

A review of the docket indicates that McKinney has not yet filed a habeas petition. Any attempt to file a habeas petition at this time would be barred by the statute of limitations. Even construing his July 1, 2013 Motion to Amend as a petition for habeas corpus, the Court must deny the motion as time-barred. Accordingly, McKinney's motion to amend will be denied as barred by 28 U.S.C. 2255(f)'s statute of limitations.

## IV

Accordingly, it is **ORDERED** that Motion for Retroactive Application of Sentencing Guidelines (ECF No. 153) is **DENIED.**

It is further **ORDERED** that McKinney's Motion to Amend or Supplement Motion (ECF No. 154) is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: August 5, 2014

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon John Tyler McKinney Sr. #41866-039, at FCI Oakdale, P.O. Box 5000, Oakdale, LA 71463 by first class U.S. mail on August 5, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS