UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                          Case No. 07-cr-20526-01

v                                            Honorable Thomas L. Ludington

JOHN TYLER MCKINNEY, SR.,

        Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO REOPEN BILL OF REVIEW

John Tyler McKinney, Sr., challenges the constitutionality of his sentence in light of *Descamps v. United States*, 133 S. Ct. 2276. Because McKinney's motion is barred by the applicable statute of limitations, his motion will be denied.

**I**

On June 4, 2009, McKinney pleaded guilty to distribution of crack cocaine, 21 U.S.C. § 841(a)(1). Plea Agreement 1, ECF No. 83. On September 14, 2009, this Court sentenced McKinney to 120 months' imprisonment. J. 2, ECF No. 87.

McKinney appealed to the Sixth Circuit on September 22, 2009; the Sixth Circuit affirmed his conviction on August 31, 2011. Notice of Appeal, ECF No. 88; Order, ECF No. 105. Following the affirmance, McKinney filed a petition for writ of certiorari with the United States Supreme Court on October 27, 2011. Letter, ECF No. 107. The Supreme Court denied McKinney's petition for a writ of certiorari on January 10, 2012. Letter, ECF No. 112.[1]

---

[1] After the Supreme Court denied ceritiorari, McKinney filed a motion seeking an alteration of his sentence pursuant to 18 U.S.C. § 3582(c)(2). Mot. to Alter, ECF No. 123. This Court denied the motion, and McKinney appealed the decision to both the Sixth Circuit and the Supreme Court. Order, ECF No. 128. The Sixth Circuit affirmed the

On January 14, 2013, McKinney filed a motion to reopen the bill of review. Mot. Reopen Bill, ECF No. 141. In the motion, McKinney noted that the United States Supreme Court had granted certiorari in *Descamps v. United States*, 133 S. Ct. 90 (2012), and that the ruling *Descamps* may affect whether his sentence was constitutional. The Court denied McKinney's motion without prejudice, concluding that the motion was premature because the Supreme Court had not issued a decision in *Descamps*.[2] Order, ECF No. 147.

On November 7, 2014, McKinney filed a renewed motion to reopen the bill of review. McKinney contends that he is entitled to relief in light of the Supreme Court's decision in *Descamps v. United States*, which was issued on June 20, 2013.

**A**

As noted above, McKinney has filed two motions to reopen the bill of review. In each motion, he challenges the propriety of his sentence under *Descamps*. Mot. Bill of Review 4 (Arguing that in light of *Descamps*, "Simple Possession of a non-narcotic does not qualify for enhancement under 21 U.S.C. 841(b)(1)(B) and 21 U.S.C. 851."). Although each motion bears the title "Motion to Reopen Bill of Review", in substance they are both motions to vacate pursuant to 28 U.S.C. § 2255.

The primary remedy for a federal prisoner who is protesting the legality of his conviction and sentence is to file a motion to vacate sentence under 28 U.S.C. § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). "[T]he Sixth Circuit and its sister circuits have held that a criminal defendant cannot invoke the writ of *audita querela* or other such common law writs to pursue a claim . . . that would be cognizable in a motion under 28 U.S.C. § 2255, but

---

decision denying the motion, and the Supreme Court denied McKinney's petition for certiorari. Order, ECF No. 143; Letter, ECF No. 146.

[2] The Court did not examine whether the motion to reopen a bill of review was time-barred under § 2255(f).

for the impediments raised by this statute itself." *United States v. Kirksey*, 2009 WL 1470219, at *1 (E.D. Mich. May 26, 2009) (citing cases). The Seventh Circuit has advised:

> Prisoners cannot avoid the AEDPA's rules by inventive captioning . . . Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover . . . Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is the substance the controls.

*Melton v. United States*, 359 F.3d 855 (7th Cir. 2004) (emphasis original).

McKinney is attacking his sentence based on a claim within the scope of § 2255: that he was improperly sentenced in light of the Supreme Court's holding in *Descamps*. Thus, a motion pursuant to § 2255 is the only avenue by which he can pursue his claims, even if he is not procedurally barred from pursuing relief pursuant to that section under the AEDPA's rules.

**B**

Pursuant to 28 U.S.C. § 2255(f)(1), a 1-year period of limitation applies to a motion seeking collateral postconviction relief, and the limitation period generally runs from "the date on which the judgment of conviction becomes final . . . ." A federal criminal judgment becomes final at the conclusion of direct review. *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002). As the Supreme Court has explained, finality attaches in the context of postconviction relief when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."[3] *Clay v. United States*, 537 U.S. 522 (2003) (citations omitted).

---

[3] This Court's earlier Order contains an error with respect to computing McKinney's applicable statute of limitations. In its August 5, 2014 Order, the Court noted that the Supreme Court denied McKinney's petition for a writ of certiorari on January 10, 2012. Order 5, ECF No. 160. However, it then incorrectly concluded that McKinney's conviction became final ninety days later. *Id*. As the Sixth Circuit has made clear, if a defendant files a petition for certiorari with the Supreme Court, his judgment of conviction becomes final on the day the Supreme

- 3 -

Here, the Supreme Court denied certiorari on January 10, 2012. Therefore, McKinney had until January 10, 2013, to file a § 2255 petition. McKinney did not file a § 2255 petition within § 2255(f)'s statute of limitations. His motion to reopen bill of review (which is construed as a § 2255 petition) was not filed until January 14, 2014—four days late. Accordingly, McKinney's motion to reopen the bill of review is time-barred, as is his renewed motion to reopen the bill of review.

Although not expressly stated in his renewed motion to reopen the bill of particulars, McKinney suggests that the statute of limitations should run from the date of the Supreme Court's decision in *Descamps*, pursuant to 2255(f)(3). *See* Mot. Bill of Review 2 ("The harm, and the resulting need for relief did not exist until *Descamps v. United States* . . . ."). Section 2255(f)(3) provides an alternative start date for the statute of limitations.[4] Pursuant to § 2255(f)(3), the one-year statute of limitations begins to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ."

In other words, to take advantage of § 2255(f)(3)'s savings clause, two elements must be met: (1) the Supreme Court must issue a new rule of law; and (2) during that same year, the Supreme Court must declare the rule retroactive. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive"). McKinney suggests that the Supreme Court's ruling in *Descamps* meets these requirements.

---

Court denies certiorari—not ninety days later. Accordingly, to the extent that the August 5, 2014 Order concludes that McKinney's judgment of conviction became final on April 9, 2012, this was in error.

[4] Section 2255(f)(1) provides that the one-year limitation period "shall run from the *latest of*": (1) the date on which the judgment of conviction becomes final; (2) that date on which the right asserted was initially recognized; or (3) other circumstances not present in the instant matter. 28 U.S.C. § 2255(f) (emphasis added). The Supreme Court issued the *Descamps* decision in June 2013, about five months after McKinney's judgment of conviction became final.

- 4 -

*Descamps* does not, however, allow McKinney to take advantage of the § 2255(f)(3) savings clause. The Supreme Court did not announce a new rule of law in *Descamps*, which is the first requirement under § 2255(f)(3). *See United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014) ("The Supreme Court in *Descamps* explained that *it was not announcing a new rule*, but was simply reaffirming the *Taylor/Shepard* approach . . . .") (emphasis added). Accordingly, McKinney cannot rely on the § 2255(f)(3) savings clause to rescue his time-barred § 2255 motion.

II

Accordingly, it is **ORDERED** that McKinney's Motion to Reopen the Bill of Review (ECF No. 166) is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: November 12, 2014

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon John Tyler McKinney Sr. #41866-039 at FCI Fort Dix, P.O. box 2000, Fort Dix, NJ 08640 by first class U.S. mail on November 12, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS