UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN TYLER McKINNEY, Sr.,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.
_____/

CRIMINAL CASE NO. 07-CR-20526
CIVIL CASE NO. 14-14647

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE PATRICIA MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTIONS TO REOPEN BILL OF REVIEW
AND HABEAS PROCEEDING UNDER 28 U.S.C. § 2255**
(Docs. 141, 166. )

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motions be **DENIED**.

**II.    REPORT**

    **A.    Introduction**

Pending, pursuant to an order of reference from United States District Judge Thomas L. Ludington, are the above-entitled motions, which were filed pursuant to 28 U.S.C. § 2255, to vacate the federal custodial sentence of John Tyler McKinney, Sr. ("McKinney"). The government responded (Doc. 173) and although he was given an extension of time in which to reply, until April

9, 2015 (Docs. 175, 176), McKinney did not file a reply. Therefore, pursuant to E.D. Mich. LR 7.1(f)(2), the motion is ready for Report and Recommendation without oral argument.

### B. Background

McKinney was charged in an eleven-count indictment with: conspiracy to distribute cocaine base, commonly known as crack cocaine, in violation of 21 U.S.C. § 846 (Count 1); distribution of 5 grams or more of a substance containing cocaine base, commonly known as crack cocaine, on March 1, 2007, in violation of 21 U.S.C. § 841(a)(1) (Count 2); distribution of 50 kilograms of a substance containing marijuana, on March 1, 2007, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D) (Count 3); distribution of 5 grams or more of a substance containing cocaine base, commonly known as crack cocaine, on August 7, 2007, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) (Count 4); distribution of 5 grams or more of a substance containing cocaine base, commonly known as crack cocaine, on August 16, 2007, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) (Count 5); distribution of 5 grams or more of a substance containing cocaine base, commonly known as crack cocaine, on August 22, 2007, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) (Count 6); and distribution of 5 grams or more of a substance containing cocaine base, commonly known as crack cocaine, on September 5, 2007, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) (Count 7). (Doc. 3.)

On February 5, 2008, a Notice of Penalty Enhancement was filed pursuant to 21 U.S.C. § 851, indicating that McKinney had been previously convicted of a felony drug offense in Saginaw County and thus was subject to enhanced penalty provisions. (Doc. 27.) McKinney was deemed

competent to stand trial on September 25, 2008. (Doc. 55.) McKinney's motion to suppress was denied on March 17, 2009, and the court ordered the parties to file supplemental briefs on remaining motions. (Doc. 71.) Another motion to suppress was granted in part and denied in part and a motion to dismiss was also denied. (Doc. 77.) A jury trial was reset for May 19, 2008. (Doc.78.)

On June 4, 2009, McKinney pleaded guilty to Count 4 of the indictment and the remaining counts were dismissed pursuant to the Rule 11 agreement. (Doc. 83.) In the agreement, it was noted that the sentencing guideline range was 121-151 months but that the parties agreed that McKinney's sentence would not exceed 120 months imprisonment, the mandatory minimum sentence. (Doc. 83 at ID 262.) Defendant waived his right to appeal and to contest his conviction or sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255. (Doc. 83 at ID 264.) However, the agreement preserved his right to appeal a penalty enhancement that he received for a prior felony drug offense. The waiver also stated "[n]othing in this agreement, however, is intended to deny the defendant relief to which he may otherwise be entitled under future changes in the law." (*Id*.) The judgment entered on September 14, 2009, sentenced McKinney to the mandatory minimum sentence of 120 months in prison. (Doc. 87 at ID 279.)

McKinney appealed and, on August 31, 2011, the Sixth Circuit affirmed his conviction and sentence. (Doc. 105.) On appeal, McKinney argued that the penalty should not have been enhanced based on his prior Saginaw County conviction and that the Fair Sentencing Act should be applied retroactively to his case. The Sixth Circuit found that the district court's order of April 29, 2009, properly explained why McKinney's prior conviction for possession of dihydrocodeinone qualified

as a prior drug offense under 21 U.S.C. § 841(b)(1)(B) and the Sixth Circuit held that the Fair Sentencing Act does not apply retroactively to cases on direct appeal, *citing United States v. Carradine*, 621 F.3d 575 (6th Cir. 2010). (Doc. 105.) McKinney filed a motion for retroactive application of sentencing guidelines to crack cocaine offense (Doc. 108,) which was denied (Doc. 122,) and he filed a motion to alter or amend judgment (Doc. 123,) which was also denied. (Doc. 128.)

    **C.**    **Analysis**

        **1.**    **Standard of Review**

In order to prevail on a motion brought under 28 U.S.C. § 2255, a petitioner must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A section 2255 motion is not a substitute for a direct appeal. When a petitioner raises a claim that he failed to raise at the appellate level, a court is generally precluded from reviewing the merits of such a claim unless a petitioner can show: (1) cause for his failure to raise the claim earlier in a direct appeal; and (2) actual prejudice stemming from the alleged violation or actual innocence. *Reed v. Farley*, 512 U.S. 339, 354-55 (1994); *United States v. Frady*, 456 U.S. 152, 167-68 (1981). A post-conviction motion under section 2255 is the proper vehicle for raising claims of ineffective assistance of counsel in the first instance. *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir. 1990)).

        **2.**    **Application and Conclusions**

McKinney has not labeled either of his motions as one to vacate sentence under § 2255, however, he contends that he is entitled to habeas relief. Therefore, the motion can be construed as one proceeding under § 2255. McKinney has not raised his issues under the rubric of ineffective assistance of counsel.

McKinney argues that he is entitled to relief because his sentence was improperly enhanced based on the court's finding that his conviction in the Saginaw County Circuit Court for possession of dihydrocodeinone (Vicodin) was a felony drug offense under 21 U.S.C. § 841(b), citing *Descamps v. United States,* 133 S. Ct. 2276, 2287 (2013). (Doc. 141 at ID 554-55; Doc. 166 at ID 650-53.) McKinney argues that dihydrocodeinone is not a narcotic drug and thus, this conviction cannot qualify for enhancement. (Doc. 166 at ID 652-53.)

I note first that *Descamp* considered enhancement for purposes of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), not enhancements under 21 U.S.C. §§ 802(17), 802 (44), 841, 851. McKinney was not sentenced as an armed career criminal; therefore, *Descamp* is inapposite. *Henry v. United States*, No. 3:13-cv-0824, 2014 WL 2811816, at *8 (M.D. Tenn. June 23, 2014) (where petitioner was not sentenced as an armed career criminal, "*Descamps* has no application").[1]

---

[1] McKinney's claim was raised and rejected on direct appeal but he appears to contend that there has been an intervening change in the law. "[A] § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). McKinney relies on the recent case of *Descamps* but since I suggest that the case does not apply to the issues he raises on appeal, I also find that he has not presented any exceptional circumstances justifying relitigating the issue.

5

McKinney noted that the state court classified his conviction for possession of dihydrocodeinone as a non-narcotic drug offense. His argument then proceeds as follows: his state conviction was not for possession of a narcotic drug, the enhancement provisions under 21 U.S.C. § 841 apply only to narcotic drug convictions, and therefore, his sentence was improperly enhanced with the prior state dihydrocodeinone conviction. Even assuming, *arguendo*, that the remaining premise is true, i.e., that enhancement is proper only if the controlled substance is also a narcotic drug, McKinney's syllogism fails if dihydrocodeinone is considered a narcotic drug under federal law. Unfortunately for McKinney, dihydrocodeinone is considered a narcotic drug under federal law. 21 U.S.C. § 1308(e)(1)(iii)-(iv); *United States v. Wright*, 42 F.3d 1387 (4th Cir. 1994) ("Vicodin, a narcotic controlled substance"); *United States v. $8,500.00 in U.S. Currency*, No. 1:08cv1103, 2009 WL 1252379, at *4 (E.D. Va. May 5, 2009) ("Vicodin, a Schedule III narcotic, in violation of 21 U.S.C. § 841(a)(1)").[2] Since the state dihydrocodeinone conviction was a conviction for possession of a narcotic drug, McKinney's argument lacks merit even under the rubric he established.[3]

I therefore suggest that McKinney's motions (Doc. 141, 166) should be denied.

**5.    Conclusion**

---

[2] Dihydrocodeinone is also considered a narcotic drug under Michigan law. Mich. Comp. Laws § 333.7216(1).

[3] It appears that the prior conviction need only be for a felony drug offense, not necessarily a felony narcotic drug offense as argued by McKinney. 21 U.S.C. § 841(b). However, since dihydrocodeinone is a narcotic drug, McKinney's argument fails even if § 841(b) applied only to prior narcotic drug convictions.

For the reasons stated above, I suggest that McKinney has not alleged any claims that could support a finding that the district court proceedings were fundamentally unfair or unreliable. As a result, I suggest that the § 2255 motion be denied in its entirety and this civil case be dismissed.

### D. Evidentiary Hearing

Section 2255 states that "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 7787, 782 (6th Cir. 1999) (citation omitted). In addition, "the words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists." *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

7

In the instant case, there is no material factual dispute that a hearing could address. Furthermore, the motion is one where "the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). I therefore suggest that McKinney is not entitled to an evidentiary hearing on the allegations raised in his motions.

### III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140,(1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response

proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  April 15, 2015                                      S/ PATRICIA T. MORRIS
                                                           Patricia T. Morris
                                                           United States Magistrate Judge

### CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class mail to John Tyler McKinney, Sr. #41866-039 at Fort Dix Federal Correctional Institution, P.O. Box 2000, Fort Dix, NJ 08640.

Date: April 15, 2015                                       By s/Kristen Krawczyk
                                                            Case Manager to Magistrate Judge Morris