UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,              Case No. 07-cr-20526-01

v                                        Honorable Thomas L. Ludington

D-1    JOHN TYLER MCKINNEY, SR.,

        Defendant-Petitioner.

_____/

**ORDER SUSTAINING OBJECTION, ADOPTING REPORT AND
RECOMMENDATION, DENYING MOTIONS TO REOPEN BILL OF REVIEW,
DENYING MOTION TO APPOINT COUNSEL, DENYING MOTION FOR
DISCOVERY, DENYING PERMISSION TO PROCEED *IN FORMA PAUPERIS*, AND
DENYING CERTIFICATE OF APPEALABILITY**

On June 4, 2009, Defendant McKinney pleaded guilty to distribution of 5 grams or more

of a substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii).

Because McKinney had prior convictions in state court, he was subject to an enhancement

pursuant to 21 U.S.C. §§ 802(17), 802(44), 841, and 851.  On September 14, 2009, McKinney

was sentenced to the mandatory minimum sentence of 120 months in prison.

**I.**

On January 14, 2013, McKinney filed a motion to reopen a bill of review, asserting that

his sentence was improper under *Descamps v. United States*, 133 S. Ct. 2276 (2013).  After this

Court denied the motion without prejudice as premature, McKinney filed a motion to reopen the

bill of review on November 7, 2014, again asserting that his sentence was improper under

*Descamps*.  The *Descamps* issue was the only claim raised in either motion.  The Court

construed these motions as petitions for habeas relief pursuant to 28 U.S.C. § 2255 and referred the motions to the Magistrate Judge.  ECF No. 170.

On April 15, 2015, the Magistrate Judge issued a report recommending that McKinney's motions be denied.  The Magistrate Judge first noted that *Descamps* did not apply to McKinney because it considered enhancements for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e), not to enhancements under 21 U.S.C. §§ 802(17), 802(44), 841, and 851.  The Magistrate Judge also rejected McKinney's argument that the § 841 enhancement applies only to prior convictions involving *narcotic drugs*.  But even if § 841 only applied to convictions involving narcotic drugs, the Magistrate Judge continued, dihydrocodeinone is a narcotic drug.  Therefore, McKinney's prior conviction for possession of dihydrocodeinone would still qualify for an § 841 enhancement.  The Magistrate Judge therefore recommended that McKinney's motions be denied.

## A.

On April 22, 2015, McKinney filed a timely objection to the report.[1]  McKinney's primary objection is that the Magistrate Judge improperly issued a report and recommendation without considering his timely reply.  After the Government filed a response to McKinney's motions, the Magistrate Judge directed McKinney to file a reply by April 9, 2015.  *See* Notice of Determination, ECF No. 176.

Two days before the deadline, on April 7, 2015, McKinney signed and dated his reply.  Reply 11, ECF No. 178.  The reply was then mailed to the clerk of the court, who received the reply on April 15, 2015, and docketed it on April 17, 2015.

---

[1] Although the objection was not docketed until May 8, 2015, it was nonetheless deemed to have been filed on the date McKinney signed the objection, as detailed below.

The Magistrate Judge filed her report on April 15, 2015, recommending that McKinney's motions be denied. In her report, she notes that "although he was given an extension of time in which to reply, until April 9, 2015, McKinney did not file a reply." Rep. & Rec. 1-2, ECF No. 177.

Although McKinney's reply was not docketed until April 17, 2015, it was nonetheless timely. Pursuant to *Houston v. Lack*, 487 U.S. 266 (1988), a prisoner is deemed to have filed a document at the time it is delivered to the prison authorities for forwarding to the court clerk. *Id.* at 276. In accordance with this "mailbox rule," courts will generally assume that a petitioner's document was given to prison officials for mailing—and thus "filed"—on the date the petitioner signed the document. *See, e.g., Wyatt v. Hofbauer*, 2008 WL 3834086, at *2 n.2 (E.D. Mich. Aug. 13, 2008); *Harvey v. Pickell*, 2013 WL 2634632, at *3 n.1 (E.D. Mich. June 12, 2013) ; *Smith v. Jones*, 2013 WL 2898251, at *2 (E.D. Mich. June 13, 2013). Here, McKinney dated his reply April 7, 2015—two days before the deadline for filing a reply. Giving him the benefit of the doubt, McKinney is deemed to have "filed" his reply on that date, making the reply timely. McKinney's objection that his reply was timely will be sustained.

But even though McKinney's reply brief was timely, that does not mean that the arguments contained within it were. In his reply brief, McKinney attempts to assert several additional substantive challenges to his sentence for the first time.[2] Generally, however, "a traverse or reply to an answer to a petition for writ of habeas corpus is not the proper pleading for a habeas petitioner to raise additional grounds for relief. A court cannot consider new issues raised in a traverse or reply to the [Government's] answer." *Burns v. Lafler*, 328 F. Supp. 2d 711, 724 (E.D. Mich. 2004) (citing *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994);

---

[2] These new substantive challenges include an ineffective assistance of counsel claim, breach of the plea agreement, and prosecutor misconduct.

*see also Dothard v. MacLaren*, 2015 WL 470585, at *25 (E.D. Mich. Feb. 3, 2015) (substantive claims raised for the first time in a reply brief would not be considered); *Sims v. Piper*, 2008 WL 3318746, at *5 (E.D. Mich. Aug. 8, 2008) ("Thus, the additional issues raised for the first time in Defendant's reply brief are not properly before this Court."). Issues raised for the first time in a petitioner's reply brief are not properly before the Court, and therefore there is no need to refer McKinney's motions and reply brief to the Magistrate Judge.

**B.**

And McKinney did not object to any of the Magistrate Judge's conclusions, including her conclusion and recommendation that McKinney's habeas motions be denied. The Magistrate Judge concluded that *Descamps* did not apply and that McKinney's state dihydrocodeinone conviction qualified as a prior felony drug offense under 21 U.S.C. § 841(b). McKinney does not object to or challenge these conclusions, and therefore he has waived them. *See Thomas v. Arn*, 474 U.S. 140, 149 (The failure to file objections to a report and recommendation waives any further right to appeal.).

**II.**

On May 18, 2015, McKinney filed a motion to appoint counsel to represent him during his habeas petition. McKinney explains that he "is unlearned in the law, and because of his incarceration he cannot comply with the procedural rules, and could possibly misapprehend the substantive details of Federal Constitutional Law." Mot. Appoint 1, ECF No. 181.

A petitioner has no absolute right to be represented by counsel on habeas corpus review. *Wright v. West*, 505 U.S. 277, 293 (1992). "Appointment of counsel in a civil case is . . . a matter within the discretion of the district court. It is a privilege and not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987).

- 4 -

Some of the factors a court should consider when making the decision to appoint counsel include the viability or frivolity of the petitioner's claims, the nature and complexity of the case, and the petitioner's ability to present the case. *Henry v. City of Detroit Manpower Dep't*, 73 F.2d 757, 760 (6th Cir.

Here, McKinney has submitted two motions and briefs in support of his § 2255 that outline his arguments. These filings indicate that he is fully able to present his case. Moreover, he has continuously complied with the procedural requirements, including deadlines, which further supports a finding that he is able to present his case. In addition, the relevant issues are not complex, and as explained above, McKinney's claims are unavailing. Under such circumstances, McKinney's request for appointment of counsel will be denied.

## III.

McKinney also filed a motion for discovery in which he seeks the debriefing of Andrea Ranking, among other things. A petitioner seeking habeas relief is not entitled to discovery as a matter of course. *Stanford v. Partker*, 266 F.3d 442, 460 (6th Cir. 2001). Pursuant to Rule 6, it is within the district court's discretion to grant discovery in a habeas case upon a fact-specific showing of good cause. Rule 6, 28 U.S.C. foll. § 2255. The burden of demonstrating the materiality of the information requested is on the moving party. *Stanford*, 266 F.3d at 460.

As explained above, McKinney's claims are devoid of merit, even if the facts are as McKinney alleges. McKinney's claim that *Descamps* applies to invalidate his sentence enhancement is erroneous, as his contention that his state conviction for possession of dihydrocodeinone does not qualify as a prior drug felony. Accordingly, McKinney's request for discovery will be denied.

## IV.

Before McKinney may appeal this Court's dispositive decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003).  In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims.  *Id.* at 336-37.

Having considered the matter, the Court concludes that McKinney has not made a substantial showing of the denial of a constitutional right.  Accordingly, a certificate of appealability is not warranted in this case.  The Court further concludes that McKinney should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## V.

Accordingly, it is **ORDERED** that McKinney's Objection (ECF No. 179) is **SUSTAINED**.

It is further **ORDERED** that the Report and Recommendation (ECF No. 177) is **ADOPTED**.

It is further **ORDERED** that McKinney's Motions to Reopen Bill of Review (ECF No. 141 and 166) are **DENIED**.

It is further **ORDERED** that McKinney's Motion for Discovery (ECF No. 180) is **DENIED**.

It is further **ORDERED** that McKinney's Motion for Appointment of Counsel (ECF No. 181) is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 27, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail and on John Tyler McKinney #41866-039, Fort Dix Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 2000, Fort Dix, NJ 08640 by first class U.S. mail on May 27, 2015.

s/Karri Sandusky
Karri Sandusky, Acting Case Manager

---